IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILENE P. AIKEN as Administratrix of the ESTATE OF DAVID E. AIKEN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON COUNTY, JEFFERSON COUNTY JAIL, WARDEN LIEUTENANT STAN BAILEY, COMMISSIONER JOHN D. MATSON, COMMISSIONER HERBERT L. BULLERS, JR., COMMISSIONER JEFFREY PISARCIK, HUMPHREY CHARCOAL CORPORATION, and JOHN DOES NOS. 1-5,<br><br>Defendants. | Civil Action No.<br><br>**ELECTRONICALLY FILED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Wilene P. Aiken as Administratrix of the Estate of David E. Aiken, by and through his attorneys, John E. Quinn, Esquire, Tyler S. Setcavage, Esquire, and Quinn Logue, LLC, hereby file the following Complaint in Civil Action:

### I.  PRELIMINARY STATEMENT

On July 21, 2017, David E. Aiken passed away as a result of Defendants' policies, lack of preparation, and failure to exercise due care. Shortly before the day of his death, Mr. Aiken had finished serving a prison sentence. Even though he was technically "free to go," he was only allowed to reside in Jefferson County. A work program was arranged so that he could start assimilating back into society in Jefferson County. As part of this arrangement, Mr. Aiken was residing at the Jefferson County Jail. Arrangements were made by the jail for Plaintiff's Decedent to work at Humphrey Charcoal Corporation, (herein referred to as

Humphrey) in Brookville, Pennsylvania, nearly 6 miles away. Because Mr. Aiken had no form of transportation and the work release program did not specifically provide it, Mr. Aiken was forced to walk the 6 miles to and from work each day. Unfortunately, it was because of this arrangement, Mr. Aiken died after his first day of work.

On his first day, Mr. Aiken experienced a bout of heat stroke. After allowing him some recovery time during the end his work day, an employee of Humphrey contacted the jail to inquire about Mr. Aiken's transportation back to the jail. An employee or representative of the jail informed the Humphrey employee that Mr. Aiken had no form of transportation and would have to walk the six miles back to the jail. Even though acutely aware of the risks, neither entity took responsibility to make sure Mr. Aiken made it home safely. In fact, it was on this journey back that Mr. Aiken passed out in the heat, overcome by exhaustion. Fellow work release members, who he had been walking with, jogged ahead to notify the jail what had happened. Contrary to the level of immediacy required, protocol demanded Mr. Aiken's probation officer be contacted before anything could be done about Mr. Aiken's condition. Unfortunately, the probation officer never responded in time—in the end, help came too late and Mr. Aiken died.

Plaintiff, Mr. Wilene P. Aiken, brings this action under 42 U.S.C. § 1983 and Pennsylvania's Wrongful Death Acts for *inter alia*, violation of David's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Pennsylvania state law, seeking declaratory relief and damages on behalf of the next of kin of David E. Aiken, deceased.

## II. JURISDICTION

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1343(a)(3) and (a)(4). This Court has supplemental jurisdiction of the Pennsylvania law claims pursuant to § 1367.

## III. VENUE

Venue in this Court is proper as to all Defendants pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) because the events giving rise to the claims occurred within this district.

## IV. PARTIES

1. Plaintiff, Wilene P. Aiken (hereinafter "Plaintiff") is an adult resident of Jefferson County, Pennsylvania, and is duly appointed the Administratrix of the Estate of David E. Aiken, deceased, (hereinafter "Plaintiff's Decedent"), having been duly appointed by the Register of Wills, Jefferson County, Pennsylvania on June 20, 2018, at Docket No.: 2018-00171 or PA No.: 33-18-0171.

2. Defendant, Jefferson County, is a municipal entity located in Jefferson County, Pennsylvania with a principal place of business at 155 Main Street Second Floor in Brookville, Pennsylvania 15825. At all relevant times, Jefferson County was acting by and through its duly authorized administrators, agents, and/or employees, who at all relevant times were acting within the course and scope of their employment, under the color of state law, and/or in accordance with Jefferson County's polices, customs, practices, and procedures.

3. Defendant, Jefferson County Jail, is a municipal entity located in Jefferson County, Pennsylvania with a principal place of business at 578 Service Center Road in

Brookville, Pennsylvania 15825. At all relevant times, The Jefferson County Jail was acting by and through its duly authorized administrators, agents, and/or employees, who at all relevant times were acting within the course and scope of their employment, under the color of state law, and/or in accordance with the Jefferson County Jail's policies, customs, practices, and procedures.

4.      Defendant, Warden Lieutenant Stan Bailey, was employed as Warden for Jefferson County Jail at the times of the events described. At all relevant times, this Lieutenant acted under the color of state law. Lieutenant Stan Bailey is being sued in his official and individual capacities.

5.      Defendant, Commissioner John D. Matson, was employed by Jefferson County at the times of the events described. At all relevant times, the Commissioner acted under the color of state law. John Matson is being sued in his official and individual capacity.

6.      Defendant, Commissioner Herbert L. Bullers, was employed by Jefferson County at the times of the events described. At all relevant times, the Commissioner acted under the color of state law. Herbert Bullers is being sued in his official and individual capacity.

7.      Defendant, Commissioner Jeffrey Pisarcik, was employed by Jefferson County at the times of the events described. At all relevant times, the Commissioner acted under the color of state law. Jeffrey Pisarcik is being sued in his official and individual capacity.

8.      Defendant, Humphrey Charcoal Corporation, is a private corporation located at 13760 Knox Dale Road in Brookville, Pennsylvania 15825. At all relevant times, Humphrey Charcoal was acting by and through its duly authorized administrators, agents, and/or employees, who at all relevant times were acting within the course and scope of their

employment and/or in accordance with Humphrey Charcoal's polices, customs, practices, and procedures.

9. Defendants, John Doe 1-5, are employed as Jefferson County Jail/Jefferson County employees at the times of the events described. At all relevant times, these officers/individuals/employees acted under the color of state law. John Doe 1-5 are being sued in their official and individual capacities.

## V. STATEMENT OF FACTS

10. On July 21, 2017, Plaintiff's Decedent, David E. Aiken, passed away from the heat exhaustion he endured while he attempted to walk home from his work release position at Humphrey Charcoal Corporation.

11. At all times relevant herein, Plaintiff's Decedent, was permitted to be released from jail under a work release program through Jefferson County/Jefferson County Jail.

12. At all times relevant herein, Plaintiff's Decedent, was not permitted to reside outside of Jefferson County and could not live with his mother (the Plaintiff), because a minor child was residing there.

13. At all times relevant herein, Plaintiff's Decedent, was provided with a position at Humphrey Charcoal under the Jefferson County/Jefferson County Jail's work release program.

14. At all times relevant herein, Plaintiff's Decedent, resided at the Jefferson County Jail.

15. At all times relevant herein, Plaintiff's Decedent, was to walk 6 miles to and from his job at Humphrey Charcoal.

16. At all times relevant herein, Plaintiff's Decedent, was not provided with transportation to or from work.

17. On the date of this loss, Plaintiff's Decedent, suffered from heat stroke prior to his walk home from the job site.

18. On the date of this loss, an employee at Humphrey Charcoal Corporation allowed Mr. Aiken to sit in a room with air conditioner to combat his heat stroke symptoms.

19. On this same day, just before or after the work day had ended, an employee from Humphrey Charcoal Corporation contacted the Jefferson County Jail to inquire about Mr. Aiken's transportation back to his residence.

20. When asked about Aiken's transportation, an employee at the Jefferson County Jail replied, "Make him walk," or words to that effect.

21. On the date of this loss, Plaintiff's Decedent, after having suffered from heat stroke during the day, began his 6 mile walk back to his residence at the Jefferson County Jail, absent any further assistance from the employee at Humphrey Charcoal Corporation or Jefferson County Jail.

22. On the date of this loss and more specifically, during his walk home, Plaintiff was with two other adults.

23. On the date of this loss, Plaintiff's Decedent, passed out on his 6 mile walk home from work. At that point, he was at the bottom of the hill on which the jail sat.

24. After passing out from heat exhaustion, the two other work release employees ran ahead to alert someone at the Jefferson County Jail of Plaintiff's condition.

25. At all times relevant herein, after appropriate staff at the Jefferson County Jail were notified by these individuals, "protocol" required that Plaintiff await notice to his probation officer, who was merely sent a message regarding Plaintiff's medical emergency.

26. Upon information and belief, the message sent to Plaintiff's probation officer was not labeled "urgent," and/or there was nothing specifically designating that it was a medical emergency.

27. Upon information and belief, Plaintiff's probation officer ignored and/or disregarded the message.

28. Upon information and belief, by the time Jefferson County Jail staff responded to Plaintiff's medical emergency, he was dead or within minutes from death.

29. On the date of this loss, Plaintiff was life-flighted to a hospital.

30. Upon information and belief, Plaintiff was pronounced dead either mid-flight or upon his arrival to the hospital.

31. At all times relevant herein, Jefferson County Jail and its employee(s) deprived Plaintiff of the constitutional right to adequate medical care while under their supervision.

32. Upon information and belief, Jefferson County Jail and its employee(s) failed to employ adequate supervisory officials and/or techniques to adequately tend to Plaintiff's emergency health situation, a violation of Plaintiff's constitutional rights.

33. Upon information and belief, Jefferson County Jail and its employee(s) failed to adequately train its officials and/or employees to deal with Plaintiff's emergency health situation, a violation of Plaintiff's constitutional rights.

34. Upon information and belief, if not for Jefferson County Jail and its employees' casual response to Plaintiff's medical emergency, Plaintiff would have survived this incident.

35. Upon information and belief, if not for Jefferson County Jail's policies regarding transportation for work release prisoners, Plaintiff would have survived this incident or the incident would have not occurred.

36. At all times relevant herein, Humphrey Charcoal Corporation was vicariously liable for the actions/inactions of its employees.

37. Upon information and belief, if not for Humphrey Charcoal's employee's failure to render reasonable care after offering assistance, Plaintiff would have survived this incident or the incident would have not occurred.

38. Upon information and belief, if not for the negligent conduct of both employees of the jail and Humphrey Charcoal, Plaintiff would have survived this incident or the incident would not have occurred.

## COUNT I—DENIAL OF ADEQUATE MEDICAL CARE
*(Estate of David E. Aiken v. Jefferson County Jail and John Doe 1-5)*

39. Plaintiff incorporates all paragraphs within this Complaint as though completely enumerated herein.

40. At all times relevant herein, Plaintiff's Decedent relied on prison authorities to treat his medical needs.

41. Defendants had a duty to provide necessary medical care to Plaintiff's Decedent.

42. At all times relevant herein, Plaintiff's Decedent had a serious medical need.

43. Plaintiff's Decedent's medical condition, i.e., passing out from heat stroke, was easily recognizable by non-doctors as requiring the need for medical attention.

44. Delay or denial of medical treatment for Plaintiff's Decedent's condition created a risk of permeant injury and actually resulted in his death.

45. Defendants were deliberately indifferent to that serious medical need in the following ways:

    a. Knowing that Plaintiff's Decedent needed medical treatment, but delaying for non-medical reasons; and

    b. Knowing that Plaintiff's Decedent needed medical treatment, but imposing arbitrary and burdensome procedures that resulted in delay of medical treatment.

46. Defendants breached their duty to Plaintiff's Decedent to provide necessary medical care by exercising deliberate indifference to his serious medical needs.

47. Defendants' breach of the aforementioned was a proximate cause of Plaintiff's Decedent's death.

48. Defendants' breach of the aforementioned is a violation of Plaintiff's Decedent's Eighth and Fourteenth Amendment rights under the Pennsylvania and United States Constitutions.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

## **COUNT II—SUPERVISORY OFFICIAL LIABILITY**
*(Estate of David E. Aiken v. Jefferson County, Jefferson County Prison, Warden Lieutenant Stan Bailey, Commissioners John Matson, Herbert Bullers, Jr., and Jeffrey Pisarcik)*

49. Plaintiff incorporates all paragraphs within the Complaint in this Section as though enumerated herein.

50. It is believed and therefore averred, the officials involved in the initial handling of the medical emergency received instruction/direction from a supervisory official and that this conduct, in part, lead to the violation of Plaintiff's Decedent's rights.

51. It is believed and therefore averred, the officials involved received instruction/direction from a supervisory official who knew or should have known such instruction would lead to violation of Plaintiff's Decedent's rights.

52. It is believed and therefore averred, the Defendants generally directed officials and the Defendants *sub judice* knew/should have known their policy or practice with such would lead to violation of Plaintiff's Decedent's rights.

53. It is believed and therefore averred, Defendants had actual knowledge of the official(')s') violations and acquiesced in the violation and/or maintained a policy, practice or custom which directly caused the violation with deliberate indifference to its consequences.

54. Defendants had a duty to adopt policies and practices that would not violate the rights of the public and Plaintiff's Decedent.

55. Defendants had a duty to adopt policies and practices that would not create an unreasonable risk of a violation of rights.

56. Defendant official(')s') violations of Plaintiff's Decedent's rights were, in part a result of the supervising Defendants failure to adopt adequate policies and practices.

57. As a result of this breach, Plaintiff's Decedent suffered from pain and mental anguish.

58. As a result of this breach, Plaintiff's Decedent died.

59. Defendants' breach of the aforementioned is a violation of Plaintiff's Decedent's Eighth and Fourteenth Amendment rights under the Pennsylvania and United States Constitutions.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

## COUNT III—INADEQUATE TRAINING OR SUPERVISION
*(Estate of David E. Aiken v. Jefferson County, Jefferson County Prison, Warden Lieutenant Stan Bailey, Commissioners John Matson, Herbert Bullers, Jr., and Jeffrey Pisarcik)*

60. Plaintiff incorporates all paragraphs within the Complaint in this Section as though enumerated herein.

61. Defendants have a duty to adopt a training and supervision regime that adequately meets the needs of the public and does not result in the violation of rights.

62. It is believed and therefore averred, Defendants' training program was inadequate to train its employees to carry out their duties and that they failed to adequately supervise their employees.

63. It is believed and therefore averred, Defendants' failure to adequately train and/or supervise amounted to deliberate indifference, because inaction resulted in a violation of Plaintiff's Decedent's rights.

64. It is believed and therefore averred, Defendants knew officers such as Defendant Officers would confront the particular situation enumerated herein.

65. It is believed and therefore averred, the matter at hand was a matter that had a history of being mishandled.

66. It is believed and therefore averred, the matter at hand regularly and/or frequently leads to the deprivation of rights enumerated in the United States and Pennsylvania Constitutions.

67. It is believed and therefore averred, Defendants' failure to adequately train and/or supervise was a proximate cause of the violation of Plaintiff's rights.

68. Defendants' breach of the aforementioned is a violation of Plaintiff's Decedent's Eighth and Fourteenth Amendment rights under the Pennsylvania and United States Constitutions.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

### COUNT IV—INADEQUATE SCREENING
*(Estate of David E. Aiken v. Jefferson County, Jefferson County Prison, Warden Lieutenant Stan Bailey, Commissioners John Matson, Herbert Bullers, Jr., and Jeffrey Pisarcik)*

69. Plaintiff incorporates all paragraphs within the Complaint in this Section as though enumerated herein.

70. Defendants have a duty to adequately check employees' backgrounds and scrutinize their hires so that employees do not violate the rights of others.

71.     It is believed and therefore averred, Defendants did not adequately check the Defendant officials' backgrounds before they were hired.

72.     It is believed and therefore averred, Defendants failure to do an adequate background check lead to the violation of Plaintiff's Decedent's rights.

73.     It is believed and therefore averred, Defendants knew or should have known that failure to do adequate background checks for officials such as Defendant officials would create an unreasonable risk for violations of rights such as the one Plaintiff's Decedent sustained.

74.     It is believed and therefore averred, adequate scrutiny of the Defendant officials' backgrounds would have led a reasonable policymaker to conclude that it was obvious that hiring employees like the Defendant officials would lead to the particular type of violations Plaintiff alleges.

75.     It is believed and therefore averred, Defendants adopted a policy of inadequate screening, and that this policy caused the violation of Plaintiff's rights.

76.     Defendants' breach of the aforementioned is a violation of Plaintiff's Decedent's Eighth and Fourteenth Amendment rights under the Pennsylvania and United States Constitutions.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

### COUNT V—NEGLIGENCE

*(Estate of David E. Aiken v. John Doe 1-5, Warden Lieutenant Stan Bailey, Commissioner John Matson, Commissioner Herbert Bullers, Jr., Commissioner Jeffrey Pisarcik, and Humphrey Charcoal Corporation)*

77. At all times relevant herein, Defendants owed Plaintiff's Decedent a duty to use due care under the circumstances.

78. At all times relevant herein, Defendants owed to Plaintiff' Decedent a duty to not place Plaintiff at risk of harm through their actions or inactions.

79. At all times relevant herein, Defendants owed to Plaintiff's Decedent a duty to have the resources necessary to report and monitor medical emergencies.

80. At all times relevant herein, Defendants owed to Plaintiff's Decedent a duty to have policies and procedures in place in the event of a medical emergency.

81. At all times relevant herein, Defendants owed to Plaintiff's Decedent a duty to ensure policies and procedures regarding medical emergencies were followed.

82. At all times relevant herein, Humphrey Charcoal Corporation, owed Plaintiff's Decedent a duty to provide reasonable care after offering to assist him as a "good Samaritan."

83. The negligent conduct, careless conduct and/or reckless and/or wanton/or willful misconduct and/or outrageous and/or intentional conduct of the Defendants consisted of the following:

    a. Failure to use due care under the circumstances;

    b. Placing Plaintiff's Decedent at risk of harm and death as a result of their actions/inactions;

    c. Failure to have policies and procedures in place to report and monitor medical emergencies;

      d. Failure to adequately screen/train or continue to train employees;

      e. Failure to be alert and monitor an emergency medical situation;

      f. Failure of any duties delineated within this Complaint

84. At all times relevant herein, Decedent's death was directly and proximately caused by the negligence, carelessness and recklessness of the Defendants.

85. Plaintiff is entitled to recover damages for Decedent's beneficiaries and Decedent's pain and suffering, as further enumerated in Counts VI and VII of this Complaint.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

## **COUNT VI—WRONGFUL DEATH**
*(Estate of David E. Aiken v. All Defendants)*

86. Plaintiff incorporates all paragraphs within the Complaint in this Section as though enumerated herein.

87. Plaintiff brings this action on behalf of the survivors of the Decedent under and by virtue of the laws of the Commonwealth, 42 Pa. C.S.A.§ 8301.

88. The Plaintiff claims damages for pecuniary loss suffered by Decedent's survivors by reason of his death, as well as reimbursement for the medical bills, funeral expenses, and other expenses incurred in connection therewith.

89.     As a result of the death of Plaintiff's Decedent, his survivors have been deprived of the earnings, maintenance, guidance, support and comfort that they would have received from him for the rest of his natural life.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

## **COUNT VII—SURVIVAL**
*(Estate of David E. Aiken v. All Defendants)*

90.     Plaintiff incorporates all paragraphs within the Complaint in this Section as though enumerated herein.

91.     The Plaintiff, as administratrix of the Estate of Plaintiff's Decedent, brings this action on behalf of the Estate of David E. Aiken under and by virtue of the laws of the Commonwealth, 42 Pa. C.S.A. § 8302.

92.     As a result of Defendant's aforesaid acts of negligence, Plaintiff's Decedent suffered and Defendants are liable for the following damages:

　　　　a.  Decedent's pain and suffering between the time of his injuries and the time of his death;

　　　　b.  Decedent's total estimated future earning power less his estimated cost of personal maintenance;

　　　　c.  Decedent's loss of retirement and Social Security income;

　　　　d.  Decedents other financial losses suffered as a result of his death;

　　　　e.  Decedents loss of enjoyment of life; and

    f. Punitive damages.

WHEREFORE, Plaintiff, Wilene Aiken as administratrix of the Estate of David E. Aiken, respectfully requests this Court make a declaratory judgment stating the Defendants violated Plaintiff's Decedent's rights, award compensatory and punitive damages, fees and costs in Plaintiff's favor, together with any other relief this Court deems just and proper.

                 QUINN LOGUE LLC

Date:  January 24, 2019    By: */s/ Tyler S. Setcavage*
                   John E. Quinn, Esquire
                   Pa. ID No. 23268
                   jquinn@quinnlogue.com

                   Tyler S. Setcavage, Esquire
                   Pa. ID No. 322867
                   tyler@quinnlogue.com

                   200 First Avenue, Third Floor
                   Pittsburgh, PA 15222-1512
                   (412) 765-3800

                   *Counsel for Plaintiff Wilene P. Aiken, as*
                   *Admininistratrix of the Estate*
                   *of David E. Aiken*