IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILENE P. AIKEN, *as Administratrix of the Estate of David E. Aiken*, | Civil Action No. 19-81 |
| Plaintiff, | District Judge Cathy Bissoon |
| v. | |
| JEFFERSON COUNTY, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Leave to File Amended Complaint, ("Motion for Leave," Doc. 42), filed by Plaintiff Wilene Aiken ("Plaintiff"). Defendants Jefferson County ("Jefferson County") and Humphrey Charcoal Corporation ("Humphrey") filed separate Responses in Opposition. (Docs. 44 and 45, respectively). Plaintiff filed a Reply to each of those Responses. (Docs. 47 and 48, respectively.) For the reasons that follow, Plaintiff's Motion for Leave will be granted in part and denied as moot in part.

### A. BACKGROUND

In her Motion for Leave, Plaintiff indicates that "extensive discovery" she received since December 30, 2019, has precipitated amendments to her operative complaint to "amplify Plaintiff's claims in addition to providing factual support for related, additional claims." (Motion for Leave at ¶ 4.) This discovery included a Pennsylvania State Police Report authored after an investigation into Mr. Aiken's (or "Decedent's") death and related documents ("PSP Report"). Plaintiff states that her request for leave is appropriate as it is not made after undue delay and no prejudice to either Defendant would result. (Id. at ¶¶ 9–10.)

1

Jefferson County opposes the Motion for Leave on several grounds, including that Plaintiff's proposed addition of a state-created danger claim is defective and that Plaintiff seeks to add state-law claims against Jefferson County Jail's Lieutenant Dawn Lumadue ("Lieutenant Lumadue") that are not viable. ("County Response," Doc. 44 at ¶¶ 2, 5–8.) With respect to the state-created danger claim, Jefferson County asserts both that it fails as a matter of law and that it is barred by the statute of limitations and does not relate back to her previous allegations in this case. (Id. at ¶¶ 6, 9–10.)

Humphrey opposes the Motion for Leave for different reasons, arguing that Plaintiff's request for leave is made in bad faith. ("Humphrey Response," Doc. 45 at ¶ 6.) Specifically, Humphrey urges that Plaintiff's allegations in her proposed amended pleading "misrepresent or omit significant information from the facts contained" in the PSP Report and that Plaintiff has "distorted" the PSP Report's information because it "clearly disproves" her theory of the case. (Id. at ¶¶ 4–5.) Humphrey's Response helpfully includes a chart with side-by-side comparisons of the information in the PSP Report and Plaintiff's proposed amended pleading. (Id. at ¶ 4.)

Plaintiff filed separate replies addressing each Defendants' arguments. (Docs. 47, 48.) With respect to the County Response, Plaintiff states she believes that Jefferson County is only objecting to her proposed addition of a state-created danger claim. ("Reply to County," Doc. 47 at ¶ 1.) She argues that any additional briefing that may result the addition of that claim does not prejudice Jefferson County within the meaning of the Federal Rules of Civil Procedure ("Rules"). Plaintiff also contends that her amendment relates back within the meaning of Rule 15(c)(2), because the state-created danger claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

As to Humphrey's opposition, Plaintiff asserts that she has not represented the PSP Report in bad faith and that the "only allegations of misrepresented facts are those of no consequence." ("Reply to Humphrey," Doc. 48 at ¶¶ 4–13; 24.)[1] Plaintiff asserts she has a good faith basis for the averments in the proposed amended pleading—which in part seek to clarify facts initially pleaded—and that she has been in contact with Humphrey as to how to structure discovery to clarify these inconsistencies efficiently. (Id. at ¶¶ 12–15; 21–23.)

B.   ANALYSIS

Plaintiff's Motion for Leave was filed on January 30, 2020, the date set by the Court's case management order as the final date to file such a motion. (Doc. 36 at ¶ 3.) Therefore, Plaintiff's request is analyzed under the standard set by Federal Rule of Civil Procedure ("Rule") 15(a)(2), which advises courts to "freely give leave when justice so requires."

First, the Court notes that contrary to Plaintiff's assertion in her Reply, Jefferson County also objected to the addition of Lieutenant Lumadue as a defendant named in Plaintiff's state-law claims. Jefferson County attached e-mail correspondence between its counsel and Plaintiff's counsel in which Plaintiff's counsel agrees to remove Lieutenant Lumadue. (Doc. 44-1.) The Court notes this correspondence is dated after Plaintiff's Motion for Leave was filed, and thus expects that Plaintiff will not include Lieutenant Lumadue in her claims. Plaintiff's request for leave to amend in this respect will be denied as moot.

With regard to the state-created danger claim, the Court rejects Jefferson County's argument that that claim fails as a matter of law.[2] The thrust of Jefferson County's argument is that Plaintiff has not alleged—and cannot allege—any affirmative act by Jefferson County that

---

[1] Plaintiff does concede that Paragraph 30 of her proposed amended pleading "appears to be inaccurate" and that she will correct it if granted leave. The Court trusts that this will occur.
[2] Therefore, the Court does not envision additional motion practice under Rule 12(b) with respect to this claim.

3

harmed Mr. Aiken—an essential element of this cause of action. (County Response at ¶ 6.) Instead, Jefferson County asserts Plaintiff's claim is "improperly based" on "an alleged omission and general claims." (Id. at ¶ 7.)

Jefferson County is correct about what the law requires, but the Court does not read Plaintiff's allegations as narrowly as it suggests. Plaintiff alleges that Jefferson County took upon itself both a medical determination of whether Mr. Aiken was fit to work (and thus knew of his medical history and medications) and the task of providing him with food and water while working. (Doc. 42-1 at ¶¶ 92–96.) Plaintiff alleges that the "concoction of drugs and lack of food/water provided to Decedent caused and/or exacerbated the condition that caused his death." (Id. at ¶ 97.) Said differently, Plaintiff alleges that Jefferson County took responsibility for management and administration of the medications Mr. Aiken took, the food Mr. Aiken ate, and the water Mr. Aiken drank, and the manner in which they undertook these tasks made him more vulnerable to conditions which caused his death. Whether or not the facts ultimately will bear this theory out, this is the essence of the fourth element of a state-created danger claim: that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or rendered the citizen more vulnerable to hanger than had the state not acted at all." Bright v. Westmoreland County, 443 F.3d 276, 281 (3d. Cir. 2006).

The Court agrees also with Plaintiff that the claim "relates back" within the meaning of Rule 15(c)(2). Jefferson County points to Mayle v. Felix, 545 U.S. 644, 657 (2005), and argues that the allegations supporting her state-related danger claim do not relate back because Plaintiff's proposed amended pleading differs in "time and type" from those she originally set forth. (County Response at ¶ 9.) In her Reply, Plaintiff argues that the original pleading puts at issue Jefferson County's "policies, lack of preparation, and failure to exercise due care" and that

4

"occurrence" set forth or attempted to be set forth in the original pleading is Mr. Aiken's death. (Reply to County at ¶¶ 14–18.)

Proper amendments must share "a common core of operative facts" with the original pleading. Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). Amendments that "amplify the factual circumstances surrounding the pertinent…occurrence in the preceding pleading fall within Rule 15(c)." Id. "[T]he court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Id.

Plaintiff has the better argument on this point. First, the occurrence at issue in the original pleading and proposed amended pleading is Mr. Aiken's death. See Mayle, 545 U.S. at 659–60 (discussing Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574 (1945)). Moreover, the Court disagrees with Jefferson County that the amended pleading relates to conduct different in "time and type" because it takes issue with Jefferson County's conduct before Mr. Aiken became ill, and that the original pleading did not do so. The operative pleading specifically put at issue Jefferson County's policies enacted prior to Mr. Aiken's death--those related to work release. (Doc. 17 at Preliminary Statement; see also id. at ¶¶ 6, 8, 13, 36.) Just because Plaintiff now names some of those policies more particularly, such as the policies related to medication administration or providing lunch, does not mean Plaintiff has added "entirely new information" of which Jefferson County did not have fair notice. Rather, the allegations in Plaintiff's proposed state-created danger claim "amplify" the allegedly improper factual circumstances surrounding Mr. Aiken's death, and thus relate back to her original pleading.

Finally, the Court agrees with Plaintiff that the "inconsistencies" between the allegations in the proposed amended pleading and the PSP Report do not evidence bad faith. As Plaintiff

points out, she is not confined to plead consistent with that Report, and her Reply to Humphrey adequately represents that she has a basis for the facts being alleged. (Reply to Humphrey at ¶¶ 12-15; 20.) No more is required at this stage.

Consistent with the above, Plaintiff's Motion for Leave to File Amended Complaint, (Doc. 42), is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Plaintiff shall file her Second Amended Complaint on or before February 21, 2020.

IT IS SO ORDERED.


February 19, 2020
                                                    s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record