# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLENE P. AIKENS, *as Administratrix of the Estate of David E. Aiken*, | Civil Action No. 19-81 |
| Plaintiff, | District Judge Cathy Bissoon |
| v. | |
| JEFFERSON COUNTY, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Pending before the Court is County Defendants' Motion to Strike Plaintiff's Second Amended Complaint, ("Motion to Strike," Doc. 52) filed on March 9, 2020 by Defendants Jefferson County and Dawn Lamadue (collectively, "Defendants"). After reviewing the Motion to Strike, the Court ordered Plaintiff Willene P. Aikens ("Plaintiff") to show good cause as to why the Second Amended Complaint ("SAC") should not be stricken in its entirety. (Doc. 54.) Plaintiff moved for an extension of time to show cause, and subsequently filed a Response to the Court's Order on March 20, 2020. ("Plaintiff's Response," Doc. 62.) Defendants filed a Response to Plaintiff's Response on March 24, 2020. ("Defendants' Response," Doc. 64.) For the reasons that follow, Defendants' Motion to Strike will be granted.

A. **BACKGROUND**

On January 30, 2020, Plaintiff sought leave to file the SAC. (Doc. 42.) All Defendants at that time opposed Plaintiff's Motion. (Docs. 44 and 45.) On February 19, 2020, the Court issued a Memorandum Order permitting Plaintiff to file the SAC, provided it was filed by February 21, 2020, and that it was otherwise consistent with the Court's Order. ("Order on

1

Motion for Leave," Doc. 49.) Specifically, Plaintiff was required to change some factual assertions that were admittedly inaccurate and to remove specific Defendants from specific claims. (Id. at 3.) Plaintiff untimely filed the SAC on February 26, 2020—five days late—and Plaintiff's filing failed to conform to the Court's Order on Motion for Leave. (Doc. 50.) In fact, it appears counsel made no changes at all to the pleading in response to the Court's Order on Motion for Leave.

Defendants filed their Motion to Strike, arguing the SAC should be stricken in its entirety as it "exceeds the scope of leave permitted by the Court." (Motion to Strike at ¶ 1.) Defendants urge that allowing Plaintiff to maintain the SAC as her operative pleading would render Federal Rule of Civil Procedure ("Rule") 15(a) meaningless, and would prejudice Defendants "in the time and resources required to undo Plaintiff's filing of the improper Second Amended Complaint." (Id. at ¶ 13.) Defendants also argue that they had undertaken efforts to avoid additional motions practice and meet the Court's deadlines, and that Plaintiff's improper filing required additional motions and uncertainty regarding the scope of discovery to their detriment. (Id. at ¶¶ 14, 15.) Therefore, Defendants offer that the appropriate remedy for Plaintiff's improper filing is for the Court to strike the SAC in their entirety. (Id. at ¶ 15.)

In Response, Plaintiff asserts that the SAC was filed five days late because counsel "became extremely ill due to a delayed allergic reaction" to a prescribed medication, requiring "admission to Shadyside Hospital's Emergency Room." (Plaintiff's Response at 2.) Plaintiff's counsel also avers the "unedited version" of the SAC was "inadvertently filed" and counsel offers his "most sincere of apologies" for his lack of diligence. (Id. at 2.) Plaintiff also contends, however, that the late filing did not result in any prejudice to Defendants' discovery efforts because "it is clear that discovery was not postponed by the late filing" and because discovery

2

"would have needed to be extended notwithstanding Plaintiff's errors. (Id. at 3.) In support of this assertion, Plaintiff avers that Plaintiff needs to take additional depositions and that the fruits of those depositions may "support the addition of more parties." (Id. at 3–4.) Plaintiff urges that no prejudice to Defendants resulted from the late filing, but rather "Defendant's current requests would only serve to severely prejudice Plaintiff and are clearly part of a desperate attempt by Defendant to summarily dismiss an entire claim and party." (Id. at 4.) In sum, Plaintiff urges good cause has been shown, that any neglect by counsel is excusable, and that Plaintiff should be permitted to file the correct version of the SAC. (Id. at 5.)

Defendants filed a Response[1] to Plaintiff's arguments, which suggests Plaintiff's counsel's late and incorrect filing are consistent with the manner that counsel has litigated this case, namely that counsel has "demonstrated a disregard for court orders and procedural rules" and that this has caused Defendants to waste time and resources. (Defendants' Response at 1.) Defendants point out that while Plaintiff's Response may excuse one of Plaintiff's counsel, three attorneys represent Plaintiff in this matter. (Id. at 2.) Furthermore, Plaintiff did not seek leave or contemporaneously explain the SAC's tardiness when it was filed, nor did counsel file a corrected version of the document when his error was brought to his attention. (Id.)

Defendants also "corrected" the record with respect to alleged misrepresentations in Plaintiff's Response, and sought correction by Plaintiff's counsel of those misrepresentations.[2] (Id. at 2–3; 3 n.2.) Defendants reiterate that they have used best efforts to use the time allotted

---

[1] Defendants' Response, (Doc. 65), was directed to arguments made in both to Plaintiff's Response to the Court's Order to Show Cause, (Doc. 62), as well as a separate motion by Plaintiff for an extension of discovery, (Doc. 63).
[2] No such correction has been filed, not has Plaintiff responded or addressed Defendants' request with the Court.

for discovery to ascertain information related to their defenses, and would be prejudiced by having to so quickly undertake discovery on new, improperly brought claims. (Id. at 4.)

B.  ANALYSIS

To avoid striking the SAC, Plaintiff must demonstrate good cause. (Doc. 54.) Such a showing is consistent with Rule 16(b)(4), which similarly requires good cause for modifying the schedule set by the Court's Memorandum Order allowing filing of the SAC.[3] (Doc. 50.)

Under Rule 16, whether good cause exists "hinges to a large extent on the diligence, or lack thereof, of the moving party." Lasermaster Int'l Inc. v. Netherlands Ins. Co., 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018); see also Chancellor v. Pottsgrove School Dist., 507 F.Supp.2d 695, 701–02 (E.D. Pa. 2007) ("Absent diligence, there is no 'good cause.'"). "Carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b)." Id.; see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence."). Similarly, a showing of "tactical delays and errors by experienced attorneys" falls short of what is required for good cause. Graham v. Progressive Direct Ins. Co., 271 F.R.D. 112, 121 (W.D. Pa. 2010).

Plaintiff filed the SAC five days late, and failed to comply with the Court's specific direction regarding its content. Plaintiff offers the sickness of one of Plaintiff's three lawyers and "inadvertent" error as good cause, and counsel who fell ill apologizes for "*his lack of*

---

[3] Plaintiff cites Rule 6(b)(1)(B), which permits the Court to extend a time period for filing, for good cause, upon a showing of "excusable neglect." Rule 6 governs the time periods set by the Federal Rules themselves, not by the Court. Walker v. Centcor Ortho Biotech, Inc., 558 F. App'x 216, 222 n.5 (3d Cir. 2014) (stating Rule 16, not Rule 6, is "the more appropriate rule" when deadline is set by trial court); see also Farren v. Sessions, 2019 WL 3714485, at *3 (E.D. Pa. Aug. 6, 2019) ("Federal Rule of Civil Procedure 6 governs the calculation of time periods in other Federal Rules of Civil Procedure.") Thus, the Rule 6 "excusable neglect" standard does not apply here.

4

*diligence*." (Plaintiff's Response at 2.) While the Court has no reason to doubt that Plaintiff's counsel became ill, Plaintiff's Response does not indicate when this illness occurred or its duration, leaving the Court to speculate as to how it prevented Plaintiff from seeking even an extension of time for filing. More to the point, however, three lawyers have entered their appearance on behalf of Plaintiff, and Plaintiff's Response does not in any way address why Plaintiff's other two lawyers could not have met the Court's deadline or sought an extension.[4] Plainly, and by counsel's own omission, there was a lack of diligence and the Court cannot find good cause.

Moreover, prior to Defendants' Motion to Strike—which was filed twelve days after the SAC—and the Court's Order to Show Cause, Plaintiff's counsel did nothing to remedy these errors. Plaintiff never sought an extension of the deadline, not even contemporaneously with the filing of the SAC. The docket is devoid of any effort to correct the "inadvertent" filing of the non-compliant version of the pleading. The Court's impression is that even after the missed deadline, Plaintiff's counsel's lack of diligence continued.

Additionally, while the focus of the good cause inquiry is on Plaintiff's diligence—and not prejudice to Plaintiff—Plaintiff argues, that striking the SAC would be "a very prejudicial consequence" and is an unfair "punishment" to Plaintiff. (Plaintiff's Response at 4–5.) It is clear to the Court that Plaintiff fundamentally misunderstands upon whom the responsibility for such a consequence would rest and what prejudice is in this context. While striking the SAC certainly is not beneficial to Plaintiff's case, it is neither unfair nor unreasonable under the circumstances. Rather, it is the foreseeable consequence of Plaintiff's lawyers' collective

---

[4] One of Plaintiff's other counsel sought an extension of time to respond to the Court's Order to Show Cause, which was granted. (Docs. 58, 60.)

carelessness and inattention. There is nothing "desperate" about Defendants asking a Court to enforce basic rules of litigation, including deadlines.

Finally, the Court agrees that allowing Plaintiff's SAC would prejudice Defendants at this juncture. Defendants have stated repeatedly that they have expended time and resources to adhere to the case management order, and the parties' recent filings reveal that Plaintiff has not shown the same concern.[5] (See generally Exhibits to Defendants' Response (correspondence between parties' regarding discovery deadlines, overdue production, and scheduling of depositions).) Defendants opposed Plaintiff's request for additional time for discovery, at least in part, because of these efforts, and the Court's extension for some depositions was due to the current public health pandemic, not any good cause shown by Plaintiff. (Docs. 65, 66.) In short, allowing Plaintiff's SAC punishes Defendants for their diligence throughout the litigation—the Court is unwilling to set such a precedent.

Consistent with the above, County Defendants' Motion to Strike Plaintiff's Second Amended Complaint, (Doc. 52), is **GRANTED**. It is further ordered that the First Amended Complaint, (Doc. 17), and Defendants' Answer, (Doc. 28), are **REINSTATED** as the operative pleadings in this matter.

IT IS SO ORDERED.

March 27, 2020                                    s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[5] The Court agrees with Defendants that Plaintiff's arguments that there is no prejudice in this case because "discovery was not postponed by the late filing" and that discovery "would have needed to be extended notwithstanding Plaintiff's errors" trivializes counsel's conduct. Additionally, it discounts the Court's authority to manage cases. (Plaintiff's Response at 3.) Finally, it also demonstrates that Plaintiff misapprehends Defendants' prejudice argument entirely—the prejudice is the extension, not the lack thereof.